LORI BETH RATCHIN & others,[1] executrices[2] & trustees,[3] *vs.* ANN J. RATCHIN & others.[4] July 25, 2003. *Trust,* Mistake, Charitable trust, Reformation, Remainder interests, Taxation.

The plaintiffs commenced this action in the Probate and Family Court. The plaintiffs seek to reform the David C. Rice Family Trust of 1996 so that the beneficial interests held by the settlor's sister, Ann J. Ratchin, and by the Shriners Hospitals for Children, will be administered in a way that allows the trust to qualify as a charitable remainder annuity trust (CRAT) under the Internal Revenue Code. A judge in the Probate and Family Court reported the case to the Appeals Court, and we granted the plaintiffs' application for direct appellate review.

*Facts.* The trust was created on February 8, 1996, and the settlor died on August 21, 2001. The trust specifies that on the death of the settlor a number of distributions are to be made to certain individuals and organizations, and that the remaining trust property "shall be held for the benefit of the [settlor's] sister ANN J. RATCHIN for life. The Trustee shall pay or apply out of the income and to the extent necessary from the principal the sum of Fifty Thousand ($50,000.00) Dollars per year for the benefit of the [settlor's] sister ANN J. RATCHIN."

The trust also provides that on the death of Ratchin, the remaining trust property "shall be paid over in the Trustee's sole and absolute discretion between Aleppo Temple of Boston for their Shriners Burns Hospital and the Shriners Hospital for Crippled Children."

The proposed reformation would strike the two paragraphs containing the provisions quoted above and insert new language that divides the remaining trust property into two separate shares. The first share would be a CRAT funded with $1,000,000 in principal, from which Ratchin would receive a payment of $50,000 a year for life, with any remaining trust principal and income being distributed, on her death, to the Shriners Hospitals for Children. The second share would be a "Charitable Bequest Trust" that provides for an outright distribution of all remaining trust property to the Shriners Hospitals for Children. All of the defendants, except for the Commissioner of Internal Revenue, who has not appeared in the action, have assented to the relief requested.

*Discussion.* The plaintiffs assert that, although the trust is not expressly drafted as a CRAT, it was the settlor's intent that it qualify as a CRAT and

[1] Ellen Joy Burnett and Cathy A. Marino.

[2] Of the estate of David C. Rice.

[3] Of The David C. Rice Family Trust of 1996.

[4] Shriners Hospitals for Children, the Commissioner of Internal Revenue, and the Attorney General.

receive the associated estate tax deduction.[5] Accordingly, the proposed reform alters the current trust scheme by funding the corpus from which Ratchin will receive her lifetime annuity with $1,000,000, as opposed to the entire "remainder of the Trust property." The plaintiffs assert that, unless the trust is reformed in this manner, it will not qualify as a CRAT for Federal tax purposes because it would not comply with the requirement in I.R.C. § 664(d)(1)(A) (2000) that the annual payment to Ratchin be "not less than 5 percent nor more than 50 percent of the initial net fair market value of all property placed in trust." Whereas the $50,000 annual payment would be exactly five per cent of the proposed $1,000,000 CRAT, the plaintiffs represent that the current value of all available trust property is substantially more than $1,000,000 and, therefore, would disqualify the trust from CRAT status under the current scheme. The plaintiffs assert that by directing all trust property in excess of $1,000,000 into the "Charitable Bequest Trust," the settlor's intent will be furthered by allocating trust property to the intended beneficiaries in a way that minimizes estate taxes. The plaintiffs further represent that without the proposed reform, an estimated $641,000 in taxes will have to be paid at the expense of the remainder interest held by the Shriners Hospitals for Children.

"A trust instrument may be reformed under Massachusetts law if, because of a mistake, it fails to conform to the settlor's intent." *Fleet Nat'l Bank* v. *Wajda*, 434 Mass. 1009, 1010 (2001), quoting *Walker* v. *Walker*, 433 Mass. 581, 587 (2001). In this case, the mistake was a miscommunication between the settlor and his attorney concerning the legal consequences of the size of the estate. This mistake is detailed in the drafting attorney's affidavit. See *Walker* v. *Walker, supra* ("we have indicated our willingness to accept extrinsic evidence, such as an attorney's affidavit, that demonstrates that there has been a mistake"). In prior cases concerning charitable remainder unitrusts under I.R.C. § 664(d)(2), we have allowed trust reformation where administration of the trust as drafted "would considerably deplete the amounts likely to be available for the charities." *Putnam* v. *Putnam*, 425 Mass. 770, 773 (1997). See *Fleet Nat'l Bank* v. *Wajda, supra* at 1010 (reforming charitable remainder unitrust in order to comply with Internal Revenue Code where "the respective interests of the life and charitable remainder beneficiaries . . . will be greatly diminished by the imposition of taxes").

In this case, it is apparent from the attorney's affidavit and also "from the face of the document" that the settlor "intended to establish a charitable remainder [annuity trust] that complies with, and therefore takes advantage of the estate tax charitable deduction allowed under, the Internal Revenue Code." *Fleet Nat'l Bank* v. *Wajda, supra*. In short, the plaintiffs have demonstrated that this reform would effect a method of administering the trust in a manner that is more consistent with the settlor's specific goals.

*Conclusion.* A judgment shall be entered in the Probate and Family Court reforming the David C. Rice Family Trust of 1996 in the manner set forth in paragraph 2 of the plaintiffs' prayer for relief in their complaint. The reformation is to be effective as of the date the trust instrument was executed.

*So ordered.*

*Arnold E. Cohen*, for the plaintiffs, submitted a brief.

---

[5] A trust that meets the definition of a CRAT qualifies for an estate tax deduction under I.R.C. § 2055(e)(2)(A) (2000).